UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACALYN DOTY,<br><br>             Plaintiff,<br><br>   v.<br><br>ABBOTT LABORATORIES, INC.,<br><br>             Defendant. | CASE NO. C23-5040 BHS<br><br>ORDER |

      THIS MATTER is before the Court on plaintiff Jacalyn Doty's motion for partial summary judgment, Dkt. 54. This tort claim arises from a January 2020 motor vehicle accident on northbound Interstate 5 near Portland Oregon. Non-party Kaid Collins, driving as part of his employment with defendant Abbott Laboratories, rear-ended Doty's vehicle in heavy traffic. Doty contends that the impact caused her to crash into the car ahead of her. Collins claims he hit Doty after, and because, Doty rear ended the vehicle in front of her. Doty suffered injuries and sued Abbott for damages. Dkt. 1.

      Doty seeks partial summary judgment on two points: (1) because he was acting within the scope of his employment, Abbott is vicariously liable for Collins' negligence, and (2) as the following driver, Collins is prima facie negligent for rear ending the car in

ORDER - 1

front of him. She seeks a determination that there are no genuine disputes about any material fact on the issues of "duty, breach and proximate cause," leaving for trial only the amount of her damages. *Id*. at 17.

She asserts that the primary duty of avoiding a collision between two vehicles traveling in the same direction falls upon the driver of the following vehicle. Dkt. 54 at 10 (citing *Izett v. Walker*, 67 Wash.2d 895, (1966) and *Miller v. Cody*, 41 Wash.2d 775 (1953)).

Doty concedes, as she must, that "the following driver will only be excused when there is an unexpected emergency or an unusual condition." *Id*. at 12 (citing *Rhoades v. DeRosier*, 14 Wn.App. 946 (1976)). She argues that the following driver is not "necessarily excused in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made." *Id*. at 11 (citing *Ritter v. Johnson*, 163 Wash. 153, 158 (1931). Doty argues there is no evidence of either an unexpected emergency or an unusual condition excusing Collins' breach of duty. *Id*.

Abbott does not dispute that it is vicariously liable for Collins' conduct, but does not concede he was negligent. Dkt. 60. It argues there is ample evidence that Collins was following Doty at a safe and appropriate distance and that he hit her only because she crashed into the car in front of her. Dkt. 60 at 1–2 (citing Collins' deposition, Dkt. 55-2).

It argues that the cause of the collision—and certainly the cause of Doty's *injuries*[1]—is a matter for the jury. Dkt. 60 at 6.

     Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

     The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

---

[1] The briefing does not address the nature or extent of Doty's injuries, and she does not attempt to demonstrate that even if he was negligent, Collins caused her injuries as a matter of law.

ORDER - 3

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

Abbott argues, correctly, that the following driver is not "automatically" liable because they were the following vehicle. Where there are unusual or emergency conditions, the liability is a jury question. Dkt. 60 at 4 (citing *Rhoades v. De Rosier*, 14 Wn. App. 946, 947, 546 P.2d 930, 932 (1976), among others)). It also correctly asserts that Doty's motion effectively seeks a ruling that she was not negligent as a matter of law and that her own conduct played no role in the accident or her injuries. *Id*. at 5.

The Court agrees that this is not a summary judgment case, as to duty, breach, or causation. The jury will be instructed on the law and will hear the evidence and determine these issues. Doty's summary judgment motion on Abbott's vicarious liability for Collins' conduct is **GRANTED**. Her motion on duty, breach, and proximate cause is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of January, 2025.

BENJAMIN H. SETTLE
United States District Judge