UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACALYN DOTY, | CASE NO. C23-5040 BHS |
| Plaintiff, | ORDER |
| v. | |
| ABBOTT LABORATORIES, INC., | |
| Defendant. | |

THIS MATTER is before the Court on plaintiff Doty's motion for partial summary judgment on defendant Abbott Laboratories' affirmative defenses, Dkt. 65. The defenses are:

- That the Plaintiffs have failed to state a claim for which relief can be granted;
- That the Plaintiffs failed to mitigate their damages;
- That the Plaintiffs' damages were not proximately caused by Defendant;
- That the Plaintiffs' injuries were caused by a superseding event;
- That apportionment of damages among tortfeasors is applicable;
- That Plaintiffs' injuries resulted from their own negligence;
- That Plaintiffs assumed the risk of their injuries; and
- That Defendant is entitled to offset from any damages award.

Dkt. 65 at 6 (citing Answer, Dkt. 8). Doty contends that Abbott cannot meet its burden of proof on any of these defenses. *Id*.

ORDER - 1

Abbott concedes its failure to state a claim[1] and assumption of the risk affirmative defenses. Dkt. 67 at 8. To that extent, Doty's motion is **GRANTED**.

Abbott correctly points out that three weeks before Doty filed this motion, the Court denied her prior summary judgment, Dkt. 54, which was primarily about the same subject—the cause of the accident. Dkt. 67 at 5. The Court's order, Dkt. 64, explained that the proximate cause of the accident and Doty's injuries were questions of fact for the jury. *Id*. at 4. Doty's current motion does not acknowledge the prior order, but the Court will not reconsider that determination. It remains plaintiff Doty's burden to demonstrate that Abbot was negligent and the extent to which she was damaged as a result.

Doty's motion for summary judgment on Abbott's "causation" affirmative defenses is **DENIED**.

Doty asserts that there is no evidence supporting Abbott's related "apportionment of damages" affirmative defense. Abbott asserts that there is factual and expert testimony supporting its theory that Doty or the initial driver caused the accident and her injuries. The Court views this as a part of the causation issue for the jury. Doty's summary judgment motion on this affirmative defense is **DENIED**.

Abbott contends that there is evidence supporting its "offset" affirmative defense, but it has not identified any such evidence and has not otherwise claimed it paid some or

---

[1] Failure to state a claim is a Rule 12(b)(6) pleading defense, but it is not an affirmative defense. It remains plaintiff's burden to state and ultimately prove her claims.

all of Doty's damages, or otherwise explained how it is entitled to an offset. Doty's motion on this point is **GRANTED**, and Abbott's offset affirmative defense is stricken.

The facts of the accident, its cause, and the resulting injuries are questions for the jury. The Court does not intend to revisit the causation issue when resolving motions in limine. Any fine-tuning of the applicable legal principles will be addressed in the jury instructions, proposed drafts of which are due April 1. Dkt. 58, LCR 51. The parties are encouraged to agree on as many instructions as they can.

Doty's summary judgment motion is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2025.

BENJAMIN H. SETTLE
United States District Judge